**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LORETTA FIGEAC**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**, | ) | FILE NO. 4:19-CV-3999 |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S**
**ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

**COMES NOW,** The Lincoln National Life Insurance Company ("Lincoln") and answers Plaintiff's Complaint ("the Complaint") as follows:

## PRELIMINARY STATEMENT

**1. This ERISA action against The Lincoln National Life Insurance Company, in its capacity as Administrator of the Memorial Hermann Health System Long Term Disability Plan, hereinafter referred to as "Defendant". Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of her employment with Memorial Hermann Northeast Medical Center.**

1. In response to the first and second sentences of paragraph 1, Lincoln admits only that Plaintiff brings an action governed by ERISA, but denies that Plaintiff is entitled to any relief thereunder. In response to the third sentence of paragraph 1, Lincoln admits only that Plaintiff was at one point employed by Memorial Hermann Health System and at one point insured by a group policy of long-term disability insurance, No. 000860059929, (the "Group Policy") that Lincoln issued to Memorial Hermann Health System to insure, in part, Memorial Hermann Health System's employee welfare benefits plan.

## PARTIES

**2. Plaintiff is a citizen and resident of Dayton, Texas.**

2. Lincoln is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

**3. Defendant is a properly organized business entity doing business in the State of Texas.**

3. In response to paragraph 3, Lincoln admits that it is an insurance company licensed in Texas. Lincoln denies the allegations contained in paragraph 3 unless expressly admitted.

**4. The disability plan at issue in the case at bar was funded and administered by Defendant.**

4. In response to paragraph 4, Lincoln admits only that it was the claims administrator for the Group Policy responsible for interpreting the Group Policy's terms and paying eligible claims. Otherwise, Lincoln denies the allegations contained in paragraph 4.

**5. Defendant is a business entity doing business in the Southern District of Texas. Defendant may be served with process by serving its registered agent. Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.**

5. In response to paragraph 5, Lincoln admits that it is an insurance company licensed in Texas. In further answering, Lincoln does not challenge service of process in this case.

## JURISDICTION AND VENUE

**6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. ' 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought...(1) by a participant or by a beneficiary ...(B) to recover benefits due to him under**

**the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).**

6. In response to paragraph 6, Lincoln admits only that this Court has jurisdiction under ERISA, but denies that Plaintiff is entitled to any relief thereunder.

**7. Venue in the Southern District of Texas is proper by virtue of Defendant doing business in the Southern District of Texas. Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (Id.) "District courts within the Fifth Circuit have adopted the reasoning outlined by the Ninth Circuit in Varsic v. United States District Court for the Central District of California, 607 F.2d 245 (9th Cir. 1979). See Sanders v. State Street Bank and Trust Company, 813 F. Supp. 529, 533 (S.D. Tex. 1993). The Ninth Circuit, in Varsic, concluded that whether a defendant "resides or may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant. Varsic, 607 F.2d at 248." See Frost v. ReliOn, Inc., 2007 U.S. Dist. LEXIS 17646, 5-6 (N.D. Tex. Mar. 2, 2007). Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States. See Bellaire General Hospital v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 825-26 (5th Cir. 1996), citing Busch v. Buchman, Buchman & O'Brien, Law Firm, 11 F.3d 1255, 1258 (5th Cir. 1994). Here, Defendant is "found" within the Southern District of Texas, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.**

7. In response to paragraph 7, Lincoln admits only that it does not challenge venue in this Court.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

**8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action. Said policy became effective March 1, 2004.**

8. In response to paragraph 8, Lincoln admits that Plaintiff was, at one time, insured under the Group Policy and that the Group Policy was effective March 1, 2004. Otherwise, Lincoln denies the allegations contained in paragraph 8 of the Complaint.

**9. The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Memorial Hermann Northeast Medical Center at the time of Plaintiff's onset of disability.**

9. In response to paragraph 9, Lincoln admits that Plaintiff was, at one time, insured under the Group Policy pursuant to her employment with Memorial Hermann. Otherwise, Lincoln denies the allegations contained in paragraph 9 of the Complaint and specifically denies that Plaintiff "obtained" the Group Policy. Rather, Lincoln issued the Group Policy to Memorial Hermann.

**10. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.**

10. In response to paragraph 10, Lincoln states that the Group Policy is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 10 of the Complaint to the extent incomplete or inconsistent with the terms of the Group Policy. In further answering, Lincoln denies that it "administered the Plan."

**11. Defendant funds the Plan benefits.**

11. In response to paragraph 11, Lincoln admits that the Group Policy funds, in part, Memorial Hermann Health System's ERISA plan. Otherwise, Lincoln denies the allegations contained in paragraph 11.

**12. Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.**

12. Lincoln denies the allegations contained in paragraph 12 of the Complaint.

**13. Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review.**

13. Lincoln denies the allegations contained in paragraph 13 of the Complaint.

**14. Except as stated in paragraph 15 below, benefit denials governed under ERISA are generally reviewed by the courts under a *de novo* standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).**

14. The allegations contained in paragraph 14 constitute conclusions of law to which no response is required. To the extent a response is required, Lincoln denies the allegations in paragraph 14.

**15. In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a de novo standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.**

15. The allegations contained in paragraph 15 constitute conclusions of law to which no response is required.

**16. In Texas, for disability insurance policies, certificates or riders offered, issued, renewed or delivered on or after February 1, 2011 said "discretionary clauses" are prohibited under 1701.062(a) Texas Insurance Code.**

16. The allegations contained in paragraph 16 constitute conclusions of law to which no response is required.

**17. Further, for disability insurance policies issued prior to February 1, 2011 that do not contain a renewal date, said discretionary clause prohibition applies after June 1, 2011 upon any rate increase or any change, modification or amendments on or after June 1, 2011.**

17. The allegations contained in paragraph 17 constitute conclusions of law to which no response is required.

**18. Plaintiff contends that the Plan fails to give the Defendant said discretion as said discretionary language is prohibited under 1701.062(a) Texas Insurance Code.**

18. Lincoln denies the allegations contained in paragraph 18 of the Complaint.

**19. Pursuant to *Ariana M. v. Humana Health Plan of Texas*, 884 F.3d. 246, 249 (5th Cir. 2018), (overruling *Pierre v. Conn. Gen. Life Ins. Co*., F2d. 1562 (5th Cir. 1991), the 5th Circuit has recently held that absent a valid grant of discretion, both the "interpretation of plan language" and "factual determinations" are to be reviewed by the court under a de novo standard. Therefore, pursuant to Ariana, the court should review this matter de novo.**

19. The allegations contained in paragraph 19 constitute conclusions of law to which no response is required. To the extent a response is required, Lincoln denies that this matter should be reviewed *de novo*.

**20. ERISA does not preempt state bans on discretionary clauses because of the "savings clause." ERISA preempts "any and all State laws insofar as they ... relate to any employee benefit plan." The "savings clause," however, preserves "any law ... which regulates insurance...". To fall within the savings clause, a state law must: Be "specifically directed toward entities engaged in insurance" and "substantially affect the risk pooling arrangement between the insurer and the insured."** ***Kentucky Association of Health Plans, Inc. v. Miller*****, 538 U.S. 329, 342 (2003).**

20. Paragraph 20 of the Complaint contains a statement of law, which requires no response, and purports to recite a portion of the ERISA statute which speaks for itself. To the extent a response is required, Lincoln denies the allegations to the extent they are inconsistent with or mischaracterize the terms of the statute.

**21. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan**

21. The allegations contained in paragraph 21 constitute conclusions of law to which no response is required. To the extent a response is required, Lincoln admits that, as claims administrator, it is charged with paying benefits only to those who are deserving under the Group Policy, such as those who actually meet their burden of proving disability. Otherwise, Lincoln denies the allegations contained in paragraph 21.

## ADMINISTRATIVE APPEAL

**22. Plaintiff is a 55 year old woman previously employed by Memorial Hermann Northeast Medical Center as a "Registered Nurse."**

22. Lincoln admits the allegations contained in paragraph 22 of the Complaint.

**23. Registered Nurse is classified under the Dictionary of Occupational Titles as Medium with an SVP of 7 and considered to be skilled work.**

23. Lincoln admits the allegations contained in paragraph 23 of the Complaint.

**24. Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on October 12, 2015, as on this date Plaintiff suffered from dysautonomia and hypertensive cardiovascular disease.**

24. In response to paragraph 24, Lincoln admits that Plaintiff ceased working on or around October 12, 2015, allegedly due to certain medical conditions. Otherwise, Lincoln denies the allegations contained in paragraph 24 of the Complaint.

**25. Plaintiff alleges that she became disabled on October 13, 2015.**

25. In response to paragraph 25, Lincoln admits that Plaintiff alleges that she became disabled on October 13, 2015, but denies that Plaintiff provided sufficient proof of impairment from any occupation per the terms of the Group Policy.

**26. Plaintiff filed for short term disability benefits with Defendant.**

26. Lincoln admits the allegations contained in paragraph 26 of the Complaint.

**27. Short term disability benefits were granted.**

27. Lincoln admits the allegations contained in paragraph 27 of the Complaint.

**28. Plaintiff filed for long term disability benefits through the Plan administered by the Defendant.**

28. In response to paragraph 28, Lincoln admits that Plaintiff filed a claim for long-term disability benefits under the Group Policy. Otherwise, Lincoln denies the allegations contained in paragraph 28 of the Complaint and, specifically, denies that it was the Plan Administrator.

**29. On August 6, 2018, Defendant denied long term disability benefits under the Plan. Said letter allowed Plaintiff 180 days to appeal this decision.**

29. Lincoln denies the allegations in the first sentence of paragraph 29. By way of further response, Lincoln notified Plaintiff via letter dated October 25, 2017 that she had failed to meet her burden of proving disability from any occupation. In response to the second sentence of paragraph 29, Lincoln admits that the letter detailed Plaintiff's appeal rights. Lincoln denies the

allegations contained in paragraph 29 to the extent they are incomplete or inconsistent with the letter.

**30. At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation."**

30. In response to paragraph 30, Lincoln states that the Group Policy is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 30 to the extent incomplete or inconsistent with the terms of the Group Policy.

**31. If granted the Plan would pay monthly benefit of $3,057.60.**

31. Lincoln denies the allegations in paragraph 31 of the Complaint.

**32. On February 1, 2019, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.**

32. In response to paragraph 32, Lincoln admits that Plaintiff pursued a second administrative appeal as by letter dated February 1, 2019. The appeal letter and documents submitted in conjunction therewith are set forth in the Administrative Record and speak for themselves. Lincoln denies the allegations contained in paragraph 32 to the extent they are incomplete or inconsistent with the appeal letter and associated materials.

**33. Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.**

33. In response to paragraph 33, Lincoln states that Plaintiff's appeal letter of February 1, 2019 is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 33 to the extent they are incomplete or inconsistent with the letter. In further answering, Lincoln states that it does not contend that Plaintiff's appeal was untimely.

**34. Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.**

34. In response to paragraph 34, Lincoln admits only that Plaintiff submitted additional information to Lincoln in connection with her appeal, but denies that she met her burden of proof. Otherwise, Lincoln denies the allegations contained in paragraph 34 of the Complaint and specifically denies that Plaintiff provided information that satisfied his burden under the Group Policy.

**35. Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period. Notably, the SSA's definition of disability is significantly more restrictive than Defendant's as they require the claimant to be unable to work in "any occupation in the National Economy."**

35. In response to paragraph 35, Lincoln states that the Notice of Award dated June 25, 2017 is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 35 to the extent incomplete or inconsistent with the Notice of Award. Lincoln further denies the characterization of the SSA's determination.

**36. Defendant was provided documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act.**

36. Lincoln denies the allegations contained in paragraph 36 of the Complaint.

**37. On or about October 30, 2017, Defendant's internal consultant, Stacey Nidositko, MS, CRC, vocational rehabilitation counselor, performed a paper review of Plaintiff's claim file.**

37. In response to paragraph 37, Lincoln states that Ms. Nidositko's review of October 30, 2017 is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 37 to the extent they are incomplete or inconsistent with the review.

**38. On or about March 22, 2018, Defendant's paid consultant, Marc J. Veneziano, M.D., internal medicine and cardiovascular disease, performed a paper review of Plaintiff's claim file.**

38. In response to paragraph 38, Lincoln states that Dr. Veneziano's review of March 22, 2018, is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 38 to the extent they are incomplete or inconsistent with the report. Answering further, Lincoln denies that Dr. Veneziano's was Lincoln's "paid consultant." Rather, Lincoln asked third-party medical vendor PDA to facilitate a peer review and PDA chose Dr. Veneziano to perform the review.

**39. On or about July 16, 2018, Defendant's paid consultant, Marc J. Veneziano, M.D., internal medicine and cardiovascular disease, prepared an addendum to his paper review of Plaintiff's claim file.**

39. In response to paragraph 39, Lincoln states that Dr. Veneziano's addendum of July 16, 2018, is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 39 to the extent they are incomplete or inconsistent with the report. Answering further, Lincoln denies that Dr. Veneziano's was Lincoln's "paid consultant."

Rather, Lincoln asked third-party edical vendor PDA to facilitate a peer review and PDA chose Dr. Veneziano to perform the review.

**40. On or about March 7, 2019, Defendant's paid consultant, Niraj Govil, M.D., occupational medicine, performed a peer review of Plaintiff's claim file.**

40. In response to paragraph 40, Lincoln states that Dr. Govil's review of March 7, 2019, is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 40 to the extent they are incomplete or inconsistent with the report. Answering further, Lincoln denies that Dr. Govil was Lincoln's "paid consultant." Rather, Lincoln asked third-party medical vendor Dana Street to facilitate a peer review and Dana Street chose Dr. Govil to perform the review. Dr. Govil's report states, in part, that "As an independent reviewer, I have not and will not accept compensation for this or any other independent review activities that is dependent in any way on specific outcome of this case or other cases . . . ."

**41. On or about March 7, 2019, Defendant's paid consultant, Lacey Price, Ph.D., psychology, performed a peer review of Plaintiff's claim file.**

41. In response to paragraph 41, Lincoln states that Dr. Price's review of March 7, 2019 is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 41 to the extent they are incomplete or inconsistent with the report. Answering further, Lincoln denies that Dr. Price was Lincoln's "paid consultant." Rather, Lincoln asked medical vendor third-party Dana Street to facilitate a peer review and Dana Street chose Dr. Price to perform the review. Dr. Price's report states, in part, that "As an independent reviewer, I have not and will not accept compensation for this or any other independent review activities that is dependent in any way on specific outcome of this case or other cases . . . ."

**42. There is an indication that a "Harry Broadway, RN," nurse disability consultant, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.**

42. Lincoln denies the allegations contained in paragraph 42.

**43. There is an indication that a "Billie Jo Mullett, RN," disability nurse consultant, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.**

43. Lincoln denies the allegations contained in paragraph 43.

**44. Defendant's consultants completed their reports without examining Plaintiff.**

44. In response to paragraph 33, Lincoln admits that it did not have Plaintiff physically examined because such physical examination was unnecessary in this case and not required by the Group Policy or ERISA. Otherwise, Lincoln denies the allegations contained in paragraph 44 of the Complaint.

**45. On May 7, 2019, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.**

45. In response to paragraph 45, Lincoln admits that it upheld its initial determination that Plaintiff failed to meet her burden of proof under the Group Policy and advised Plaintiff of the same by letter dated May 7, 2019. The letter is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 45 to the extent they are incomplete or inconsistent with the letter.

**46. Defendant also notified Plaintiff on May 7, 2019 that Plaintiff had exhausted her administrative remedies.**

46. In response to Paragraph 46, Lincoln admits that its letter of May 7, 2019 is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 46 to the extent they are incomplete or inconsistent with the letter.

**47. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.**

47. In response to paragraph 47, Lincoln admits that it upheld its initial determination that Plaintiff failed to meet her burden of proof under the Group Policy and advised Plaintiff of the same by letter dated May 7, 2019. The letter is set forth in the Administrative Record and speaks for itself. Lincoln denies the allegations contained in paragraph 47 to the extent they are incomplete or inconsistent with the letter.

**48. Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.**

48. Paragraph 48 constitutes a conclusion of law to which no response is required. To the extent a response is required, Lincoln admits only that Plaintiff took the number of administrative appeals required by the Group Policy.

## MEDICAL FACTS

**49. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.**

49. In response to paragraph 49, Lincoln admits that Plaintiff has been diagnosed with certain conditions and that she claims to have certain impairments. Lincoln denies that Plaintiff submitted sufficient proof to establish disability from any occupation pursuant to the terms of the

Group Policy. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 49.

**50. Plaintiff suffers from dysautonomia; memory loss; difficulty focusing; fatigue; dizziness; heart palpitations and neurocardiogenic syncope; orthostatic hypertension; shortness of breath (SOB); nausea; diarrhea; frequent urination with urgency; heat intolerance; multiple allergies; weakness; and pain.**

50. In response to paragraph 50, Lincoln states that medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatment are set forth in the Administrative Record and speak for themselves. Lincoln refers to the Administrative Record and denies the allegations of paragraph 50 to the extent they are incomplete or inconsistent with Plaintiff's medical records as set forth in the Administrative Record. Lincoln denies that Plaintiff submitted sufficient proof to establish disability pursuant to the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 50 of the Complaint.

**51. Treating physicians document continued chronic pain, as well as decreased range of motion and weakness.**

51. In response to paragraph 51, Lincoln states that medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatment are set forth in the Administrative Record and speak for themselves. Lincoln refers to the Administrative Record and denies the allegations of paragraph 51 to the extent they are incomplete or inconsistent with Plaintiff's medical records as set forth in the Administrative Record. Lincoln denies that Plaintiff submitted sufficient proof to establish disability pursuant to the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 51 of the Complaint.

**52. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.**

52. In response to paragraph 52, Lincoln states that medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatment are set forth in the Administrative Record and speak for themselves. Lincoln refers to the Administrative Record and denies the allegations of paragraph 52 to the extent they are incomplete or inconsistent with Plaintiff's medical records as set forth in the Administrative Record. Lincoln denies that Plaintiff submitted sufficient proof to establish disability pursuant to the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 52 of the Complaint.

**53. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.**

53. In response to paragraph 53, Lincoln states that medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatment are set forth in the Administrative Record and speak for themselves. Lincoln refers to the Administrative Record and denies the allegations of paragraph 53 to the extent they are incomplete or inconsistent with Plaintiff's medical records as set forth in the Administrative Record. Lincoln denies that Plaintiff submitted sufficient proof to establish disability pursuant to the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 53 of the Complaint.

**54. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.**

54. In response to paragraph 54, Lincoln states that medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatment are set forth in

the Administrative Record and speak for themselves. Lincoln refers to the Administrative Record and denies the allegations of paragraph 54 to the extent they are incomplete or inconsistent with Plaintiff's medical records as set forth in the Administrative Record. Lincoln denies that Plaintiff submitted sufficient proof to establish disability pursuant to the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 54 of the Complaint.

**55. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.**

55. In response to paragraph 55, Lincoln states that medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatment are set forth in the Administrative Record and speak for themselves. Lincoln refers to the Administrative Record and denies the allegations of paragraph 55 to the extent they are incomplete or inconsistent with Plaintiff's medical records as set forth in the Administrative Record. Lincoln denies that Plaintiff submitted sufficient proof to establish disability pursuant to the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 55 of the Complaint.

**56. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.**

56. In response to paragraph 56, Lincoln states that medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatment are set forth in the Administrative Record and speak for themselves. Lincoln refers to the Administrative Record and denies the allegations of paragraph 56 to the extent they are incomplete or inconsistent with Plaintiff's medical records as set forth in the Administrative Record. Lincoln denies that Plaintiff submitted sufficient proof to establish disability pursuant to the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 56 of the Complaint.

**57. Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.**

57. Lincoln denies the allegations contained in paragraph 57 of the Complaint.

**58. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.**

58. In response to paragraph 58, Lincoln states that medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatment are set forth in the Administrative Record and speak for themselves. Lincoln refers to the Administrative Record and denies the allegations of paragraph 58 to the extent they are incomplete or inconsistent with Plaintiff's medical records as set forth in the Administrative Record. Lincoln denies that Plaintiff submitted sufficient proof to establish disability pursuant to the terms of the Group Policy. Unless expressly admitted, Lincoln denies the allegations contained in paragraph 58 of the Complaint.

**59. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.**

59. Lincoln denies the allegations contained in paragraph 59 of the Complaint.

**60. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.**

60. Lincoln denies the allegations contained in paragraph 60 of the Complaint.

**61. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.**

61. Lincoln denies the allegations contained in paragraph 61 of the Complaint.

## DEFENDANT'S CONFLICT OF INTEREST

**62. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.**

62. Lincoln denies the allegations contained in paragraph 62 of the Complaint.

**63. Defendant's determination was influenced by its conflict of interest.**

63. Lincoln denies the allegations contained in paragraph 63 of the Complaint.

**64. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.**

64. Lincoln denies the allegations contained in paragraph 64 of the Complaint.

**65. The long term disability Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.**

65. Lincoln admits the allegations contained in paragraph 65 of the Complaint. Answering further, Lincoln did not have Plaintiff physically examined because such physical examination was unnecessary in this case and not required by the Group Policy or ERISA. Otherwise, Lincoln denies the allegations contained in paragraph 65 of the Complaint.

**66. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.**

66. The allegation contained in paragraph 66 constitutes an unsubstantiated generalization untethered to the facts of this case. As such, no response is required. To the extent a response is required, Lincoln admits that it did not have Plaintiff physically examined because such physical examination was unnecessary in this case and not required by the Group Policy or ERISA.

**67. More information promotes accurate claims assessment.**

67. The allegation contained in paragraph 67 constitutes an unsubstantiated generalization untethered to the facts of this case. As such, no response is required. To the extent a response is required, Lincoln admits that it did not have Plaintiff physically examined because such physical examination was unnecessary in this case and not required by the Group Policy or ERISA.

**68. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.**

68. In response to paragraph 68, Lincoln admits that it did not have Plaintiff physically examined because such physical examination was unnecessary in this case and not required by the Group Policy or ERISA. Otherwise, Lincoln denies the allegations contained in paragraph 58 of the Complaint.

## COUNT 1: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

**69. Plaintiff incorporates those allegations contained in paragraphs 1 through 68 as though set forth at length herein.**

69. Lincoln incorporates its responses to paragraphs 1–68 of the Complaint, as set forth above.

**70. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:**

**a. Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;**

**b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;**

**c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and**

**d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.**

70. Lincoln denies the allegations contained in paragraph 70, together with subparts a – d.

<u>**COUNT II: ATTORNEY FEES AND COSTS**</u>

**71. Plaintiff repeats and realleges the allegations of paragraphs 1 through 70 above.**

71. Lincoln incorporates its responses to paragraphs 1–70 of the Complaint, as set forth above.

**72. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).**

72. Lincoln denies the allegations contained in paragraph 72 of the Complaint.

**FIRST DEFENSE**

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims against Lincoln, if any, arise under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* To the extent the Complaint makes claims and seeks remedies not provided for under ERISA, those claims and those remedies are pre-empted by ERISA. *Pilot Life v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

**THIRD DEFENSE**

Plaintiff's recovery herein, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Group Policy.

**FOURTH DEFENSE**

Lincoln has complied with and performed all of its promises, obligations and duties to Plaintiff and the handling of Plaintiff's claim for benefits complied fully with the terms and conditions of ERISA.

**FIFTH DEFENSE**

Plaintiff's demand for attorney's fees should not be granted under ERISA because Lincoln's handling of Plaintiff's claim was reasonable and all actions in the handling of said claim were taken in good faith.

**SIXTH DEFENSE**

Each and every act or statement done or made by Lincoln and its officers, employees and agents with reference to Plaintiff was a good faith assertion of Lincoln's rights and, therefore, was privileged and/or justified.

**SEVENTH DEFENSE**

Lincoln's decisions were neither arbitrary nor capricious nor incorrect.

**EIGHTH DEFENSE**

Lincoln has reasonably and substantially complied with all applicable regulations.

**NINTH DEFENSE**

The Group Policy contains monthly benefits reductions, including but not limited to reductions for retirement benefits, other income and Social Security benefits. Even if Plaintiff is eligible for benefits under the Group Policy, which Lincoln denies, Lincoln is entitled to offset payment of benefits by other income.

**TENTH DEFENSE**

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Group Policy, which Lincoln denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits under the Group Policy given, inter alia, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

**ELEVENTH DEFENSE**

Plaintiff's request for jury trial, if any, must be stricken as no right to a jury trial is available under ERISA.

**REQUESTED RELIEF**

Lincoln respectfully requests: (i) that the Court dismiss Plaintiff's claims against Lincoln with prejudice and that judgment be entered in Lincoln's favor on such claims; (ii) that Lincoln be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Stephanie C. Ng*
Stephanie C. Ng
Texas Bar No. 24098176
stephanie.ng@ogletree.com
500 Dallas Street, Suite #3000
Houston, Texas 77002
Phone 713.655.5756
Fax 713.655.0020

**ATTORNEY FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant certifies that on December 2, 2019, the foregoing was filed with the Clerk of Court using the CM/ECF system which will provide notification of such filing upon counsel for Plaintiff in this action via the CM/ECF system and addressed as follows:

Britney Anne Heath McDonald
Marc S. Whitehead
J. Anthony Vessel
Madison Tate Donaldson
Marc Whitehead & Associates,
Attorneys at Law LLP
403 Heights Boulevard
Houston, Texas 77007

By: */s/ Stephanie C. Ng*
Stephanie C. Ng

40755564.2